FILED
BILLINGS, MT

2006 FEB 10 AM 9 03

PATRICK E. DUFFY, CLERK

_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| HENDERSON DuVAL HOUGHTON, | ) | Cause No. CV 05-141-BLG-RWA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MARCIA GOOD SEPT (Currently MARCIA HURD), | ) ) | |
| | ) | |
| Defendant. | ) | |

On October 4, 2005, Plaintiff Henderson Houghton filed this action under 42 U.S.C. § 1983. He is a federal prisoner proceeding *pro se*. Pursuant to a settlement agreement in another case, *see* Stipulation and Order of Dismissal at 1, ¶ 2, *Houghton v. Nybo*, No. CV 03-27-H-SBC (D. Mont. Aug. 5, 2005), the Court will, for present purposes, consider the instant Complaint to have been filed on January 15, 2001.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in forma pauperis* and proceedings by prisoners, federal courts must

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

## II. Houghton's Allegations

Houghton asserts that the Defendant violated his constitutional rights by prosecuting him even though she knew that the evidence and testimony she introduced against him were unlawfully obtained and/or false. *See generally* Compl. (doc. 1) at 3-11.

## III. Analysis

As a prosecutor, Hurd is absolutely immune from any liability that might otherwise arise under 42 U.S.C. § 1983 where she is alleged to have acted in her capacity as an advocate for the United States. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 420-28 (1976); *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). "Absolute" immunity is distinguished from "qualified immunity" because it applies regardless of whether the defendant acted in good faith and regardless of whether a reasonable person in the defendant's position could have believed her actions were lawful. *See, e.g., Imbler*, 424 U.S. at 419 & n.13; *Fry*, 939 F.2d at 835-36. The *Imbler* Court observed:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

> Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice.

424 U.S. at 427-28.

Decisions as to whether and how to prosecute a case, statements made, questions asked, and positions taken in the course of litigation, as well as the introduction of testimony and evidence are, clearly, actions taken within the "judicial phase." *Compare, e.g., Imbler*, 424 U.S. at 431 & n.33 (recognizing that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom"), *with Burns v. Reed*, 500 U.S. 478, 495 (1991) (declining to recognize absolute immunity of prosecutor in providing legal advice to police). All of Houghton's allegations concern actions taken by Hurd in the course of her actions as the prosecutor in his criminal case, either in court or in preparation for her actions in court. She has absolute immunity. The United States Supreme Court has rejected Houghton's arguments to the contrary.

### RECOMMENDATION

Based on the foregoing, and pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned United States Magistrate Judge **RECOMMENDS** that Houghton's Complaint (doc. 1) be DISMISSED WITH PREJUDICE because it fails to state a claim on which relief may be

granted, and the docket should reflect that his filing of this action counts as one strike against him, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived.

DATED this 10th day of February, 2006.

Richard W. Anderson
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5